McKinney, J.
delivered the opinion of the court.
The amended bill, filed in the progress of this cause, in the chancery court, making the defendant, Gammon, a party, is sworn to; and seeks to enjoin said Gammon from the collection of the sum of one hundred and fifteen dollars,-alleged to have been paid to him by the other defendant, Linnville, about the first of June, 1845; and which, by previous agreement of all the parties, was to have been placed as a credit on certain notes held by Gammon on the complainants, in satisfaction of so much of the debt due thereon.
This allegation of payment, made in the bill, is expressly denied by the defendant Gammon, in his answer. But, the fact, as charged in the bill, is very fully and positively proved by one witness, whose claim to credit is not questioned: but his testimeny stands uncorroborated by any other fact, or circumstance disclosed in the proof.
Upon this state of the case, the chancellor made a decree, granting a perpetual injunction. And the only question for our determination is, did he err in so doing? We think not. The decree is not in conflict, but on the contrary, perfectly consistent with the general rule, as we understand its spirit and meaning: that where the *164 answer, in express terms, negatives the allegations of tbe bill, it should be taken as conclusive, unless overcome by the testimony of two opposing witnesses: or, of one witness, corroborated by other facts and circumstances, which create a preponderance against the answer. This rule, however, is not of universal application. It does not apply where the answer is not sworn to, as held by this court, 2 Hump. 193, as in the case of a corporation, which answers under its seal. Nor does it apply where the denial is not direct and positive: or where it is merely according to the defendant’s belief or information; 2 Daniel’s Prac., 984, and authorities there cited. In the foregoing, and other cases that might be cited, as exceptions to the rule, the effect of the denial in the answer .is merely to put the complainant to the necessity of proving the allegations of his bill and the testimony of a single witness, if entitled to credit, will be sufficient.
The rule supposes, that the denial of the allegations, by the defendant, in his answer, is entitled to equal weight with the affirmation of it by the witness in his deposition: and, therefore, there must be other evidence to give a preponderance in the complainant’s favor. But this reason does not apply where the bill is sworn to; for in such case, the denial in the answer is but opposing the defendant’s oath, to the oath of the complainant; and the effect is only to make an issue between the parties, and to require the complainant to prove his case, in order to entitle himself to a decree. It was so held by our court at an early day, and we think correctly. Cooke’s Rep., 112.
Decree affirmed.